IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK L. COGSWELL and PATRICK M. O'FLAHERTY, formerly d/b/a THE PATRICK GROUP, <br><br> Plaintiffs, <br><br> v. <br><br> CITIFINANCIAL MORTGAGE COMPANY, INC. successor by merger to ASSOCATIES FINANCE, INC. <br><br> Defendant. | No. 05 C 5008 <br><br> Honorable Charles R. Norgle |

## ORDER AND OPINION

CHARLES R. NORGLE, District Judge

Before the Court are cross-motions for summary judgment by Plaintiffs Patrick L. Cogswell and Patrick M. O'Flaherty formerly d/b/a The Patrick Group ("Patrick Group") (collectively, the "plaintiffs") and by Defendant CitiFinancial Mortgage Company, Inc. ("CitiFinancial"). For the following reasons, summary judgment is granted for the Defendant, CitiFinancial.

## I. BACKGROUND

### A. FACTS

The following facts are uncontested. On November 27, 2000 Associates Financial, Inc. ("AFI"), who later merged with CitiFinancial, filed a complaint in the Illinois state court against several parties in an attempt to foreclose on a defaulted mortgage. Previously, on November 22, 2000 the Patrick Group offered to purchase from AFI the mortgage (the "Mortgage") and the underlying note (the "Note") on which AFI sought to foreclose. In line with its proposal, the

Patrick Group issued to AFI a written offer ("Offer to Purchase") that stated its intent to purchase the Note and to assume the legal position as the property's mortgagee. The written offer, however, said nothing with regard to the Patrick Group's intent to take possession of the physical Note and Mortgage. Thereafter, on a date unknown, AFI and the Patrick Group entered into an agreement through which the Patrick Group purchased the Mortgage and Note from AFI for $140,000.

Pursuant to the purchase, AFI executed an Assignment of Mortgage for the benefit of the Patrick Group, which professed to transfer to the Patrick Group "all beneficial interest under that certain Mortgage...together with the notes therein described or referred to, [ ], and all rights accrued or to accrue under said mortgage." See Pl.'s Assignment of Mortgage. AFI supplied the Patrick Group with a copy of the Mortgage, but could not locate the original Mortgage or Note. The Patrick Group, as it turned out, never received the original documents contemplated in the Assignment of Mortgage.

The Patrick Group went forward with the foreclosure, notwithstanding AFI's failure to deliver the original Note and Mortgage. The mortgagors contested the foreclosure, asserting that the Patrick Group could not produce the original Note and thus could not enforce the underlying debt. At trial, the Patrick Group attempted to prove the existence of the missing Note using AFI's computer records and certain testimony that corroborated the Note's existence. At the end of the proceedings, the state trial court entered an order directing a verdict in favor of the mortgagors, finding that the foreclosure could not proceed if the Patrick Group could not produce either the original or copy of the Note. The Illinois Appellate Court affirmed the trial court's ruling, holding that the Assignment of Mortgage was incidental to the underlying debt, which the Patrick Group never acquired because the Patrick Group never received the Note on

that debt. Put another way, the court found that the Assignment of Mortgage was null and void without a transfer of the underlying Note. And, consequently, without the Note there was no debt for the Patrick Group to enforce. With that, the plaintiffs abandoned their efforts to enforce the Note and directed their attention to the assignors, CitiFinancial.

## B. Procedural History

The plaintiffs filed a one-count complaint for breach of contract against CitiFinancial in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, alleging simply that CitiFinancial failed to comply with the parties' purchase agreement when it failed to transfer to plaintiffs the original Mortgage or copy and original of the Note. CitiFinancial, pursuant to 28 U.S.C. § 1441, removed the case to this Court based on diversity jurisdiction. Both parties moved for summary judgment. The motions are fully briefed and before the Court.

We acknowledge, even now, that neither party possesses a complete file regarding the Assignment of Mortgage at issue. CitiFinancial, admittedly, has neither a copy of the original Note, nor of the original Mortgage. The parties do not possess their signed purchase agreement, and cannot locate the accompanying Letter of Intent. Plaintiffs thus rely on three documents to support their claim for breach of contract. The first document is the Offer to Purchase, which the Patrick Group issued to AFI prior to the deal. The second document is the Assignment of Mortgage, which AFI issued to the Patrick Group pursuant to the parties' purchase agreement. The third document is an Affidavit by Patrick G. Cogswell, in which Mr. Cogswell testifies that AFI was required to transfer the original Note and Mortgage to the Patrick Group in conjunction with the purchase. As such, we turn to the parties' motions.

## II. DISCUSSION

### A. STANDARD OF DECISION

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Heft v. Moore, 351 F.3d 278, 283 (7th Cir. 2003), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Vukadinovich v. Bd. of Sch. Tr.'s of North Newton School, 278 F.3d 693, 699 (7th Cir. 2002). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1108 (7th Cir. 2004). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Spiegla v. Hall, 371 F.3d 928, 935 (7th Cir. 2004). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## B. BREACH OF CONTRACT

In resolving these motions, we must decide two underlying issues. First, we must consider whether CitiFinancial had an obligation, pursuant to the parties' purchase agreement, to tender to the Patrick Group the original or copy of the Note and Mortgage. Second, if such an obligation existed, we must determine whether the Patrick Group was damaged when CitiFinancial failed to tender to it the physical copies of the Note and Mortgage. If we answer either of these issues in the negative, we must find that plaintiffs cannot maintain a claim for breach of contract against CitiFinancial.

In Illinois, the elements for a breach of contract cause of action are: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages. Ass'n Benefit Serv., Inc. v. Caremark RX, Inc., 493 F.3d 841, 849 (7th Cir. 2007). A breach of contract action must be predicated on a valid and enforceable contractual obligation. See Elda Arnhold & Byzantia, LLC v. Ocean Atl. Woodland Corp., 284 F.3d 693, 700 (7th Cir. 2002) ("A party that fails to perform its contractual duties is liable for breach of contract"). No contract exists in Illinois, however, "if the agreement lacks definite and certain terms; nor is a contract formed by an offer that itself lacks definite and certain material terms and does not require such terms to be supplied by an acceptance." Ass'n Benefit Serv., 493 F.3d at 849 (citing In re Marriage of Murphy, 359 Ill. App. 3d 289, 295 (3d Dist. 2005)). The question of the existence of a contract is a matter of law for determination by the court. Id. (citing Arneson v. Bd. of Trs., McKendree Coll., 210 Ill. App. 3d 844, 850 (5th Dist. 1991)).

### *1. Alleged Obligation to Tender the Note and Mortgage*

Again, working under the principles outlined above, if the Offer to Purchase and the Assignment of Mortgage do not, with the requisite definiteness and certainty, confer to CitiFinancial an obligation to tender the original or copies of the Note and Mortgage, the plaintiffs cannot maintain their claim for breach of contract. Knowing this, plaintiffs argue that the express terms of the Offer to Purchase and the Assignment of Mortgage clearly created a duty for CitiFinancial to hand over to plaintiffs the original copies of the Note and Mortgage after closing the deal. We disagree. Rather, we find that neither the Offer to Purchase nor the Assignment of Mortgage definitely and certainly contemplate any duty or condition that required CitiFinancial to transfer the physical Note and Mortgage to the plaintiffs.

This is especially clear in the Offer to Purchase. Initially, we agree with CitiFinancial's position that an offer, by itself, does not establish the terms of an agreement between the parties, especially one as vague and conditional as the Offer to Purchase here. See Ecologix, Inc. v. Fansteel, Inc., 676 F. Supp. 1374, 1379 (N.D. Ill. 1988) ("an offer, standing alone, does not suffice to create a contract."). Nevertheless, to establish an obligation for CitiFinancial, plaintiffs rely on the following conditional statement in the Offer to Purchase:

> "The Patrick Group offer to purchase the note secured by subject property under the following terms and conditions:
>
> [...]
>
> 3. Verification of all back-up documents including but not limited to the Note, Mortgage, title report, survey, loan application, etc. (The entire file).
>
> Any and all documents are subject to legal review and at his discretion, may be rejected for any reason.

See Offer to Purchase, Def.'s Rule 56.1 Statement, Ex. 2. This statement gives the Patrick Group an opportunity to verify "all back-up documents," including the Note and Mortgage, prior

6

to the purchase. But, more importantly, we find that this statement is conditional language that does not create a clear, affirmative duty or obligation on behalf of CitiFinancial to transfer the original Note and Mortgage to plaintiffs. If anything, this statement requires CitiFinancial to give the Patrick Group an opportunity to verify the Note and Mortgage before entering the deal. And it is entirely irrelevant whether CitiFinancial actually allowed the verification or whether the Patrick Group requested a verification prior to the purchase of the Mortgage. What we see, instead, is that there is nothing in the Offer to Purchase that obligates CitiFinancial to pass over any original, physical documents to complete the purchase of the underlying Mortgage. Plaintiffs' reliance on the Offer to Purchase is misplaced.

Plaintiffs' reliance on the Assignment of Mortgage fares no better. To establish an obligation for CitiFinancial to turn over the original Note and Mortgage, Plaintiffs cling to the following language in the Assignment of Mortgage:

> FOR VALUE RECEIVED, ASSOCIATES FINANANCE, INC. hereby grants, assigns and transfers to
>
> > Patrick L. Cogswell &
> > Patrick M. O'Flaherty
>
> all beneficial interest under that certain Mortgage, dated April 2, 1990,
>
> [...]
>
> TOGETHER with the notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said MORTGAGE.

See Assignment of Mortgage, Pl.'s Rule 56.1 Statement, Ex. D. Again, we are not convinced that this language places upon CitiFinancial an unequivocal duty to pass over to the Patrick Group the original or copies of the Note and Mortgage. The language does, however, require CitiFinancial to relinquish all of its interest in the Mortgage and the underlying debt to the

7

Patrick Group. And CitiFinancial did just that. Indeed, CitiFinancial insists that through this document it assigned its interest in the property to the Patrick Group regardless of whether it produced the original Note and Mortgage. See Def.'s Memo. Support of SJ at 6. Supporting this contention is the fact that the Patrick Group attempted to enforce the Note against the property's mortgagors after having accepted the Assignment of Mortgage from AFI and thus having understood that it received AFI's interest in the Mortgage and the underlying debt. We find that the Assignment of Mortgage is insufficient, on its face, to establish an obligation for CitiFinancial to transfer to plaintiffs the original or copies of the Note and Mortgage.

The most compelling piece of evidence plaintiffs submit to support a finding of CitiFinancial's obligation is an affidavit by Patrick L. Cogswell, which remains uncontested by CitiFinancial. But it, too, fails to carry the day. In his affidavit Mr. Cogswell testifies that, "Pursuant the parties' agreement, Associates Finance, Inc. was required to transfer the original note and mortgage to The Patrick Group." See Aff. of Patrick L. Cogswell, Pl.'s Rule 56.1 Statement, Ex. A at ¶ 6. He goes on to testify that, "The Patrick Group requested ... the original note and mortgage from [AFI], on several occasions *after* the transaction took place" and that, "[AFI] failed to provide The Patrick Group with the original or copy of the Note." Id. at ¶¶ 7-8 [emphasis supplied]. We gather from this testimony that if AFI was required to transfer the original Note, this obligation did not arise as a condition to the parties' purchase agreement. It is uncontested that the Patrick Group purchased the Mortgage without the original documents. In line with the purchase, the Patrick Group assumed AFI's previous position as mortgagees and attempted to foreclose on the property. Mr. Cogswell's testimony indicates that the Patrick Group did not request the original Note and Mortgage until after the transaction took place. This

8

fact cuts against any contention that AFI had a clear obligation to transfer the original Note and Mortgage as part of the parties' underlying purchase agreement.

Based on these uncontested facts, and drawing all inferences in favor of the non-moving parties, we find that AFI was under no obligation to transfer the original or copies of the Note and Mortgage to the Patrick Group. We find that plaintiffs, in turn, failed to establish a valid and enforceable contractual obligation for CitiFinancial, and as such, any claim for breach of contract fails. Nevertheless, we are compelled to take our assessment one step further and to consider whether plaintiffs could establish the appropriate damages to sustain a claim for breach of contract stemming from any failure on behalf of AFI to transfer the original Note and Mortgage.

### 2. *Alleged Damages Resulting from a Failure to Transfer the Note and Mortgage*

In support of their claim for breach of contract, plaintiffs contend that they incurred damages equal to the $140,000 purchase price because, subsequent to the purchase, they were unable to enforce the Note against the mortgagors. Here, the plaintiffs make much ado about AFI's failure to transfer the physical Note, as if to say that there is no other remedy available to them because they do not possess any physical documents that evidence the underlying debt. We find this argument unavailing.

We find that as a matter of law a failure to possess the physical Note is not the end of the line for plaintiffs. It remains undisputed in the underlying foreclosure action that the Note was in existence, but simply could not be produced. There, the Plaintiffs presented a plethora of undisputed evidence in an attempt to prove the existence of the underlying debt. See Motion to Vacate, Def.'s Rule 56.1 Statement, Ex. 4 at ¶¶ 1-4. For instance, at trial plaintiffs called as a witness a former AFI employee who was familiar with the underlying loan transaction and the Note. Id. at ¶ 1. To establish the terms of the Note, the former employee testified to the Note's

interest rate, payment amounts and payment information, and to the efforts made to locate the original Note. Id. Plaintiffs also elicited testimony from one of the mortgagors, who admitted to making several payments under the Note and to later defaulting on the loan. Id. at ¶ 2. While the state courts ruled against the plaintiffs, we acknowledge that this evidence is certainly tenable to establish the existence of the underlying debt and the accompanying Note. In sum, the physical Note, as plaintiffs suggest, is not the only source of the Note's terms.

We should stress that this Court has no intention, and no jurisdiction for that matter, to review the decisions of the state trial and appellate courts with regard to the plaintiffs attempted foreclosure. However, we mention this evidence because, under Illinois law, a party is not precluded from establishing its ownership of an underlying debt, despite being unable to enforce the debt. Ocwen Federal Bank, FSB v. Harris, No. 99 C 658, 2000 WL 1644377, at *3 (N.D. Ill. Oct. 24, 2000) (applying Illinois law). Ownership rights in instruments may be determined by other legal principles, such as property law, which do not depend on whether the instrument was actually transferred to the receiving party. Id. at *4. In turn, the recipient of an instrument may use those ownership rights to establish legal title to the underlying debt and thus foreclose on a mortgage. Id. The case Ocwen Federal Bank v. Harris (hereinafter "Ocwen") involved a similar issue.

In Ocwen, the plaintiff attempted to foreclose on a mortgage secured by a $112,000 note that it acquired through a series of assignments. Id. at *1. The plaintiff, however, never took physical possession of the note because the last party to assign the note lost it. Id. at *2. Seizing on this fact, the defendants contested the foreclosure, arguing that the mortgage was unenforceable because the note was lost. Id. at *3. The district court rejected this argument, classifying the plaintiff as a non-holder transferee and finding that "such non-holder transferees

10

are protected by the property principle that a transferee of property, be it real property or intangible property, gets all rights of his or her transferor as a result of the transfer." Id. (citing HART & WILLIER, NEGOTIABLE INSTRUMENTS UNDER THE UNIFORM COMMERCIAL CODE § 12.03[1]). Accordingly, the court stressed that there was no issue regarding plaintiff's ability to enforce the note because only legal title to the underlying debt – rather than the ability to enforce the note – was required to foreclose on the mortgage, which plaintiff could establish without the physical note. Ocwen, 2000 WL 1644377, at *3. With this in mind, the court granted plaintiff's motion for summary judgment regarding foreclosure.

We find Ocwen rather instructive. Here, as in Ocwen, the assignor CitiFinancial does not dispute that it assigned and transferred to plaintiffs all of its rights under the Mortgage and Note, despite being unable to transfer to plaintiffs a physical copy or original of the Note. Moreover, CitiFinancial, through its company representative, declared that it routinely provides "lost note affidavits" to transferees "in lieu of an actual note where the location of the original note is unknown," which are "customary and accepted within the lending industry." See Declaration of Rory Chatriand, Def.'s Rule 56.1 Statement, Ex. 3 at ¶ 5. CitiFinancial's representative further testified that "a lost note affidavit could have been prepared and provided to [plaintiffs...] should they have requested it." Id. at ¶ 6. But they did not. Plaintiffs' only attempt to enforce the Note came during the state court foreclosure proceedings, when they were entitled to enforce their interest in the property and the underlying debt without the original Note. See New England Sav. Bank v. Bedford Realty Corp., 680 A.2d 301, 309-10 (Conn. 1996) (noting that a failure to possess a promissory note is not fatal to an equitable action of foreclosure on mortgage). We find that a failure to enforce the Note in a state foreclosure action is not enough to establish damages for breach of contract and to then assert those damages against a willing transferor of

all rights and interests in the mortgage and its underlying debt, who simply lacked the physical Note to back it up.

We agree with CitiFinancial's contention and not only recognize that a foreclosure on a mortgage and a note are separate and distinct causes of action, see id., but that when proving the existence of a lost or missing note in those actions, parties often present other evidence to prove the existence of the debt. See Fin. Freedom v. Kirgis, 377 Ill. App. 3d 107, 131 (1st Dist. 2007) (holding that deposition testimony, a copy of the power of attorney and a copy of the mortgage agreement was enough to establish the secured indebtedness owed to plaintiff); see also cf. County Treasurer v. Larry Corp., 14 Ill. App. 3d 765, 772 (1st Dist. 1973) (allowing secondary evidence to prove the existence and contents of a lost deed). In fact, allowing secondary evidence to prove the existence of a missing document is a rather widely-accepted evidentiary tenet. See FED. R. EVID. 1004 advisory committee's note (1972 Proposed Rules) (noting that "the rule requiring the production of the original as proof of contents has developed as a rule of preference: If failure to produce the original is satisfactorily explained, secondary evidence is admissible."); Davis v. Baron's Creditors Serv. Corp., No. 04 C 4104, 2001 WL 1491503, at *3 (N.D. Ill. Nov. 20, 2001) "Once the conditions of Rule 1004 are met, the party seeking to prove the contents of a writing, ...may do so by any kind of secondary evidence..."). With this in mind, we find that there is no reasonable basis to conclude that plaintiffs cannot enforce their assignment as a matter of law without the original Note and Mortgage. In turn, plaintiffs have failed to show that they have been sufficiently damaged by CitiFinancial's purported failure to transfer either the original Mortgage or the original and copy of the Note. Plaintiffs therefore cannot maintain a cause of action against CitiFinancial for breach of contract.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs Patrick L. Cogswell's and Patrick M. O'Flaherty's, formerly d/b/a The Patrick Group, motion for summary judgment is denied and Defendant CitiFinancial Mortgage Company, Inc.'s motion for summary judgment is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4-18-08